FILED
2020 May-08  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| Christine Salter, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Scott Services, Inc. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

 **COMES NOW** the Plaintiff, Christine Salter, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against the Scott Services, Inc., ("Defendant") and seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant on account of Plaintiff's gender in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e** *et seq,* and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts alleged herein took place within the Southern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff Christine Salter, a female, is domiciled in the state of Alabama.

5. At all relevant times the Plaintiff was an "employee" of the Defendant under Title VII.

6. The Defendant Scott Services, Inc is a domestic corporation licensed to do business in the State of Alabama.

7. At all relevant times, Defendant was an "employer" under Title VII

8. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: that Plaintiff caused charges of discrimination in employment to be

filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## **GENERAL FACTS**

11. Plaintiff began working for the Defendant on or about September 14, 2017 as an administrative assistant.

12. She was responsible for the technician time sheets, and entering the time sheet information into a workbook.

13. On June 4, 2018 Ms. Salter was terminated.

## **COUNT I**
## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.**
## **(DISPARATE TREATMENT)**

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above, as if fully set out herein.

15. The Plaintiff, a female, is a member of a protected class.

16. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. as Defendant has engaged in the practice of discrimination against Plaintiff.

17. Plaintiff engaged in a mutual relationship with Kim Degroat, a co-employee.

18. The relationship consisted of exchanging of text messages and phone calls while on and off the clock.

19. Plaintiff would call and/or text Mr. Degroat while they were both working.

20. Mr. Degroat would also call and/or txt Plaintiff while they were both working.

21. Mr. Degroat never asked the Plaintiff to stop texting him.

22. Mr. Degroat initially asked the Plaintiff to send him text messages/pictures while they were both working.

23. On numerous occasions Mr. Degroat would call the Plaintiff on her work phone and make sexually charged comments to her.

24. Mr. Degroat also asked Plaintiff to go on dates with him.

25. On June 4, 2018 Plaintiff was terminated.

26. The reason for her termination was that she had sent inappropriate texts and pictures to Mr. Degroat while at work.

27. Plaintiff is not aware of any policy prohibiting employees from being on their personal phones while at work.

28. Mr. Degroat was not terminated for the same behavior.

29. To Plaintiff's knowledge at this time Mr. Degroat is still employed with Defendant.

30. The Defendant discriminated against Plaintiff by terminating Plaintiff for the same or similar acts a male employee performed, but was not terminated for, which is a violation of Title VII.

31. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, the Plaintiff is entitled to punitive damages.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above, as if fully set out herein.

33. Shortly after beginning her employment with the Defendant, Plaintiff engaged in what she perceived as a friendly relationship with Matt Heathcock.

34. However, he did not perceive it as friendly.

35. Mr. Heathcock quickly became inappropriate towards the Plaintiff.

36. On or about November 17, 2017 Mr. Heathcock told the Plaintiff he had been a "whore" in college and had a "weakness for women."

37. On or about November 20, 2017 Mr. Heathcock asked Plaintiff to stay and work late with him.

38. He explained that he had "been trying to get you to work over with me, but no you don't want to because its Thanksgiving week."

39. On or about January 23, 2018 Mr. Heathcock told the Plaintiff he liked her hair and that she "looked really hot today."

40. Mr. Heathcock also asked for a hug on January 23.

41. Plaintiff refused and Mr. Heathcock stated "you know I told you that I have a weakness for women. I'm also very persistent."

42. Plaintiff perceived this as a threat and reported Mr. Heathcock for sexually inappropriate behavior.

43. Plaintiff began to participate in a protected activity when she filed a written internal complaint based on  Mr. Heathcock's inappropriate sexual behavior on or about February 12, 2018.

44. No action was taken regarding Mr. Heathcock's inappropriate behavior.

45. He was not disciplined in any form.

46. Further, he was not separated from Plaintiff.

47. He continued to work with and around the Plaintiff.

48. On or about June 4, 2018 Plaintiff was terminated.

49. This adverse employment action was a direct retaliation to Plaintiff filing her

written internal complaint on February 12, 2018.

50. None of the adverse employment actions and/or events described within above occurred until after the written internal complaint on February 12, 2018 giving a causal connection between the adverse employment action or events and the opposing the unlawful employment practice of discrimination.

51. Defendant intentionally discriminated against Plaintiff by retaliating against her for opposing the unlawful employment practice of discrimination.

52. Prior to filing this written complaint Plaintiff had not been disciplined since beginning her employment with the Defendant.

53. Defendant's retaliatory action against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

54. Plaintiff has suffered and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF FOR ALL COUNTS

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. A declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *D. Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

OF COUNSEL:
The Patton Firm
3720 4th Avenue South
Birmingham, AL 35222

Phone: (205) 933-8953
Fax: (205) 449-4897
jschatz@thepattonfirmal.com


**<u>Defendant served via Waiver of Service of Summons Form 1B:</u>**

Scott Services, Inc.
C/O Scott Everett Sr.
7534 Forestwood
Dora, AL 35062

# Exhibit 1

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Christine Salter
5808 Oaks Of St. Clair Circle
Moody, AL 35004

From: Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-02704 | GLENDA BROWN-WADE, Investigator | (205) 212-2056 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**BRADLEY A. ANDERSON,**
**District Director**

FEB 1 2 2020

*(Date Mailed)*

Enclosures(s)

cc:  **SCOTT ELECTRICAL SERVICES**
**% Robert C. Keller, Attorney**
**Russo, White & Keller, P.C.**
**315 Gadsden Highway, Suite D**
**Birmingham, AL 35235**

**THE PATTON FIRM**
**%Jeremy Schatz, Esq.**
**3720 4th Avenue South**
**Birmingham, AL 35222**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2019-02704 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr, Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Christine Salter | (205) 601-4774 | 09/19/1989 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5808 Oaks of St. Clair Circle | Moody, Al 35004 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Scott Electrical Services | 100+ | (205) 956-6555 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5636 Clifford Circle | Birmingham, Al 35210 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Scott Services Company, Inc. | 100+ | (205) 956-6555 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5636 Clifford Circle | Birmingham, Al 35210 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Feb 12, 2018    Latest: Jun 4, 2018

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Exhibit A

RECEIVED
RECEIVED

JUN 2 6 2019
JUN 2 6 2018

U.S. EEOC
Birmingham District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6·26·18    Christi Salter<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

*02704*

"Exhibit A"



RECEIVED

RECEIVED

JUN 2 6 2019

JUN 2 5 2019
U.S. EEOC
Birmingham District Office

I am a female individual who was previously employed by the above-named Respondent. On or about September 14, 2017, Respondent hired me to work as an Administrative Assistant. On or about February 12, 2018, I filed an internal written complaint with Lance Cossey ("Mr. Cossey"), Respondent's male President and General Manager, about Matt Heathcock ("Mr. Heathcock"), a male co-worker. In the complaint, I outlined Mr. Heathcock's sexually inappropriate behavior. For example, on or about November 17, 2017, Mr. Heathcock informed me that he had been a "whore" in college and that he had a "weakness for women." On or about November 20, 2017, Mr. Heathcock asked me to work late with him and stated, "I've been trying to get you to work over with me, but no, you don't want to because it's Thanksgiving week." On or about January 23, 2018, while smoking a cigarette with Mr. Heathcock, he told me that like the style of my hair, and that I, "Look[ed] really hot today." Mr. Heathcock also asked me for a hug at the end of the day. After I refused Mr. Heathcock stated, "You know I told you that I have a weakness for women. I'm also very persistent." Mr. Heathcock also sent me a text message of my car with hand prints on it. The picture came with the caption, "Wish those were my prints." After becoming aware of my complaints, I met with Mr. Cossey and an attorney for Respondent, but Mr. Cossey chose to not take any action to stop the behavior. Mr. Cossey did not discipline Mr. Heathcock, nor did he even attempt to separate us.

Matt McBride ("Mr. McBride"), Respondent's male General Manager, terminated my employment on or about June 4, 2018. Mr. McBride stated that I was being terminated for sending an inappropriate picture to a co-worker. I sent a personal picture from my personal phone to the personal phone of Kim Degroat ("Mr. Degroat"), a male co-worker with whom I was having a relationship with. Mr. McBride discovered the picture wile scrolling through Mr. Degroat's personal cell phone to look at pictures of a job site. Further, the picture was not sent while on company time. Finally, while Mr. McBride chose to terminate my employment, he did not take any disciplinary action against Mr. Degroat. After my termination, I emailed to Mr. Grindstaff the circumstances of my termination, and that I had previously complained about sexual harassment to Mr. Cossey. In his reply, Mr. Grindstaff stated that I was wise to, "resign rather than to have disciplinary action that would be recorded in [my] permanent file." Despite, Mr. Grindstaff's assertion, I did not resign. Respondent terminated my employment after I reported sexual harassment. Additionally, Mr. McBride chose not to discipline Mr. Degroat for engaging in the same conduct for which I was terminated.

Based on the foregoing, I believe I have been subjected to a hostile work environment and disparate terms and conditions of employment based on my gender (female), and retaliated against for reporting sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.